UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO.

MICHAEL MARTIN, individually and on behalf
of all others similarly situated,

    Plaintiffs,

vs.

TOTAL AIR CARE, INC. and
MIKE NIQUETTE, individually,

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Michael Martin, ("Martin"), individually and on behalf of all others similarly situated, by and through undersigned counsel, sues Defendant, Total Air Care, Inc., a Florida corporation ("Total") and Mike Niquette, individually, (collectively, "Defendants"), and for his causes of action, declares and avers as follows:

1. Martin brings this action on his own behalf, as well as on behalf of all other current and former technicians of Total who are or were similarly situated to him, on a collective basis, to recover from Total unpaid overtime compensation, liquidated damages, costs, and reasonable attorneys' fees, as well as for declaratory and injunctive relief, under the provisions of the FLSA, 29 U.S.C. § 201, et seq., and specifically under 29 U.S.C. § 216(b).

2. Martin is a US Citizen, a resident of Florida, and otherwise within the jurisdiction of this Court.

3. Total is a foreign limited liability company, doing business in Florida, and otherwise within the jurisdiction of this Court.

4. Niquette is a US Citizen, a resident of Florida, and otherwise within the jurisdiction of this Court.

5. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Martin in this District, and the claims arose within this District.

7. Total is an air conditioning repair company. Niquette is the owner and president of Total.

8. Total is an employer as defined by 29 U.S.C. § 203(d) and (s)(1) in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. At all times material hereto, Total has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods or materials that have been moved in or produced for commerce which subjects the employees to the

provisions of the FLSA.

10. At all times material hereto, Total was, and continues to be, engaged in interstate commerce as defined by the FLSA.

11. Upon information and belief, Total has had gross revenue which exceeds $500,000 for each of the past three (3) years.

12. Niquette is a corporate officer, owner, or manager of Total, and exercised operational control over the activities of Total.

13. Niquette acted directly in the interest of Total by controlling the manner in which Martin received and performed work, and the pay Martin was to receive for same.

14. Both Total and Niquette were employers of Martin as that term is defined under 29 U.S.C. § 203(d).

15. Martin is a former service technician of Total, working for Total in the Northern District of Florida during one or more workweeks within the last three (3) years. Thus, at all relevant times in this complaint, Martin was an employee as defined by 29 U.S.C. § 203(e).

16. At all times material hereto, during his employment with Total, Martin was engaged in interstate commerce.

17. At all times material to this Complaint, Total failed to comply with 29 U.S.C. § 201-19 in that Martin, while working for Total as a technician, performed hours of service for Total in excess of forty (40) during one or more workweeks, for

which Total failed to properly pay overtime premiums.

18. At all times pertinent to this Complaint, Total failed to comply with 29 U.S.C. § 211(c) in that it failed to keep adequate and accurate time records with respect to hours worked exceeding forty (40) in any given week, resulting in Total's failure to properly pay overtime premiums. In addition, Total failed to comply with 29 U.S.C. § 211(c) in that it failed to keep adequate and accurate records with respect to the pay rate for which Martin was paid for his hours worked.

19. In the course of his employment with Total, Martin worked hours in excess of forty (40), with Defendants' knowledge (actual or constructive) but was not properly paid overtime premiums for those hours.

20. In the course of their employment with Total, Martin, and other current and former technicians similarly situated to him, worked hours in excess of forty (40), with Total's knowledge (actual or constructive) but were not properly paid overtime premiums for those hours

21. The pay practices of Total, as described in the above paragraphs, violated the FLSA by failing to properly pay overtime premiums to Martin, and other current and former technicians similarly situated to him.

22. The pay practices of Total, as described in the above paragraphs, violated the FLSA because Defendants failed to properly keep accurate records of any time worked by Martin, and other current and former technicians similarly situated to him.

23. Because of Defendants' failure to keep accurate time records, any FLSA violations are or were willful, as that term is defined by the FLSA.

24. During the three (3) years preceding the filing of this lawsuit, Total suffered or permitted to be suffered, with knowledge, hours of service by these service technicians, including in excess of forty (40), during one or more workweeks, for which Total failed to properly pay overtime premiums.

25. Each improperly paid technician who performed or continues to perform services for Total, during one or more workweeks within the three (3) year period preceding the filing of this lawsuit, is entitled to notification of the pendency of this action and of his/her right to consent to becoming a party to this action.

26. Martin will seek this Court's permission to provide notice to all current and former delivery drivers similarly situated to Martin who work or worked for Total during any payroll period within three (3) years from the date of filing of this lawsuit, in all states in which Total does business.

27. Martin has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay undersigned firm a reasonable fee for its services.

### COUNT I - RECOVERY OF UNPAID OVERTIME (TOTAL)

28. Martin reavers and realleges all allegations contained in paragraphs 1-27 above as if fully set forth herein.

29. Martin is entitled to be paid an overtime premium for each hour worked in excess of forty (40) per workweek and to have such overtime calculated in

accordance with Federal Regulations, to include commission/bonus payments earned in the appropriate workweek in the calculation of the regular rate for the purposes of determining overtime entitlement. All other similarly situated technicians are similarly owed overtime premiums, calculated properly, for those overtime hours they worked and for which they were not properly paid.

30. By reason of the willful and unlawful acts of Total, Martin and those similarly situated to him) have suffered damages.

31. As a result of the Total's violation of the Act, Martin is entitled to liquidated damages in an amount equal to that which he is owed as unpaid overtime.

WHEREFORE, Martin, and those similarly situated to him, who have or will opt-in to this action, demand judgment against Total for the overtime wages due them for the hours they worked for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

## COUNT II - RECOVERY OF UNPAID OVERTIME (NIQUETTE)

32. Martin reavers and realleges all allegations contained in paragraphs 1-27 above as if fully set forth herein.

33. At all material times, Niquette was and is now a corporate officer of Total.

34. Niquette was an employer of Martin within the meaning of 29 U.S.C. § 203(d), in that Niquette acted directly in the interests of Total in relation to its

employees, including Martin.

35. Specifically, Niquette supervised Martin, determined company payroll decisions, and maintained the right to hire and fire Martin during all pertinent times.

36. Niquette had operational control of the business and is thus jointly liable for Martin's damages.

37. Niquette willfully and intentionally refused to properly pay Martin overtime wages as required by the law of the United States as set forth above and remains owing Martin these wages since the commencement of Martin's employment with Total.

38. Niquette willfully and intentionally violated the record keeping provisions of the FLSA by failing to properly record the hours worked by Martin and by failing to record Martin's rate of pay for hours worked.

WHEREFORE, Martin, and those similarly situated to him, who have or will opt-in to this action, demand judgment against Niquette for the overtime wages due him for the hours they worked for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

        Respectfully submitted,

By:   **<u>Alex B.C. Ershock</u>**
      Alex B.C. Ershock
      Florida Bar No. 100220

      PADULA BENNARDO LEVINE LLP
      3837 NW Boca Raton Blvd., Suite 200
      Boca Raton, FL   33431
      E-Mail: abe@pbl-law.com
      Telephone:   (561) 544-8900
      Facsimile:   (561) 544-8999
      *Attorneys for Michael Martin and all others similarly situated*